# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY MITCHELL SMITH,<br><br>　　　　Petitioner,<br><br>　v.<br><br>TIM PEREZ,<br><br>　　　　Respondent. | Case No. 1:15-cv-01053-SKO  HC<br><br>ORDER DISMISSING PETITION FOR FAILURE TO EXHAUST STATE REMEDIES<br><br>(Doc. 9) |

　　　In Merced County Superior Court on May 12, 2014, Petitioner entered a no contest plea to a charge of driving under the influence of alcohol and causing bodily injury (Cal. Vehicle Code §§ 23153(a); 23560).  The sentencing court applied an enhancement (Cal. Penal Code § 12022.7(a)) and sentenced Petitioner to a determinate term of five years.  Petitioner filed neither a direct appeal nor a petition for writ of habeas corpus in any California court.

　　　On July 9, 2015, Petitioner filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to withdraw his no contest plea as neither knowing, intelligent, nor voluntary, and claiming that trial counsel provided ineffective assistance.  On September 17, 2015, Respondent moved to dismiss the petition for failure to exhaust state remedies.  Petitioner did not file a reply (traverse).

　　　A petitioner who is in state custody and wishes to challenge collaterally his conviction by a federal petition for writ of habeas corpus must first exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity with the state court and gives the state court

1

the initial opportunity to correct the state's constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's legal and factual basis. *Duncan*, 513 U.S. at 365 (legal basis); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 8-9 (1992) (factual basis). Because Petitioner has never filed a petition for writ of habeas corpus in the California Supreme Court, he has failed to exhaust his claims and this Court must dismiss the petition for lack of jurisdiction.

It is hereby ORDERED that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. The Clerk of Court is directed to enter judgment for Respondent and close the case.

IT IS SO ORDERED.

Dated:   **October 21, 2015**                    **/s/ Sheila K. Oberto**
                                                 UNITED STATES MAGISTRATE JUDGE